FARMERS' STATE BANK OF RIVERTON vs.
GENTLE et al.*

(No. 1193; March 2, 1926; 243 Pac. 595.)

BILLS AND NOTES—ACCOMMODATION NOTE.

1. In action by payee against maker of renewal note, where maker claimed original note was given as accommodation, without consideration, *held* evidence sustained finding against maker's contention.

*NOTE—See Headnotes (1) 8 CJ pp. 1048 n. 21; 1049 n. 23.

APPEAL from District Court, Fremont County; CYRUS O. BROWN, Judge.

Action by the Farmers' State Bank of Riverton against Ray A. Gentle and others, from a judgment for plaintiff, defendants appeal.

*E. H. Fourt, W. C. Mentzer, H. C. Brome* and *Joel F. Longenecker,* for appellants.

The note sued upon is a renewal of a note dated May 15, 1919. The note was given for forty shares of stock of Investor's Guaranty Corporation, which stock was assigned to secure its payment to defendant corporation, which corporation endorsed, assigned and delivered the note to plaintiff as collateral security. No consideration ever passed to Gentle. He never received it for the stock certificates, and there is no testimony that he ever received the stock. He assigned the stock, in blank, on request of Luikhart. Investor's Guaranty Corporation owned nearly all of the stock of plaintiff bank. There can be no question of an innocent third party. Officers of the bank were officers of the Guaranty Corporation and the same employees kept the books of each. Both corporations had knowledge that the stock was not delivered to Mr. Gentle. The facts are similar to the case of Smith Merc. Co. v. Conway, et al (Wyo.) 46 Pac. 1084. The note was given as an accommodation. 8 C. J. 259; Bank v. Bank, 95 U. S. 557; Bank v. Armstrong, 152 U. S. 346; U. S. Nat'l Bank v. Bk. 64 Fed. 986; 1st Nat'l Bank v. Duncan, 141 Fed. 926. No consideration passed for the notes. Shadburne v. Daly, (Cal.) 18 Pac. 403; Williams v. Hasshagen, (Cal.) 137 Pac. 111; 3 R. C. L. 1120. Accommodation party bears the liability of his surety for the party accommodated.

*A. C. Allen* and *O. N. Gibson,* for respondent.

Gentle made a payment on the note on Dec. 11, 1919. Evidence shows that defendant, Gentle, did not have in

mind any question as to the character of the note. Under Section 3962 C. S., Gentle is liable on the note. His numerous letters to the bank acknowledge liability on the note; also his voluntary renewals of the original note. Findings of the trial court, on conflicting evidence, will not be disturbed. Briggs v. Koshich, 216 Pac. 965; Wilson v. Levin, 216 Pac. 870; Thompson v. Shideler (Okla.), 216 Pac. 161.

BLUME, Justice.

This is an action wherein the Farmers State Bank of Riverton, a corporation, sued Ray A. Gentle, as maker, and the Investors Guaranty Corporation, as endorser, of a note dated December 31, 1920, for $5,000. Judgment was entered herein in favor of said bank for the amount claimed, and from this judgment both Gentle as well as the Investors Guaranty Corporation have appealed. The appeal on behalf of the Investors Guaranty Corporation is disposed of in another opinion, and this opinion deals only with the appeal taken by Ray A. Gentle, who will be referred to herein as the appellant.

The only defense made by appellant was that the note sued on is merely a renewal of a note originally given as an accommodation to the bank; that hence the note sued on is but an accommodation-note; and that he never received any consideration therefor. Respondent denied such claim and the only point argued on this appeal is as to whether or not the evidence is sufficient to sustain the finding of the trial court on this issue. Testimony was introduced in behalf of appellant tending to show that the note in suit is a renewal of a note originally given on May 17, 1919; that at that time Harry J. Hall, then acting as cashier of respondent bank, and J. A. Delfelder, a director of the bank, came to appellant and wanted to issue to him 40 shares of the stock of the Investors Guaranty Corporation—which corporation controlled the bank at that time—at $125 per share, making $5,000, for which they wanted appellant to execute a note to be given, however,

merely as an accommodation to the bank, and to be for the purpose of enabling it to borrow money. Appellant testified that he gave the note of May 17, 1919, in accordance with these conditions, and that he never received any of the 40 shares of stock above mentioned. He admitted, however, that he signed the stock over to the bank about May 10, 1920. It appears that he never receipted for the stock on the stock-books of the Investors Guaranty Corporation. The note of May 17, 1919, was used for the purpose of rediscount in August, 1919.

There is testimony in the record, on behalf of respondent bank, tending to show that appellant paid half of the note given for the stock, namely $2500, sometime in the fall of 1919. This is denied by appellant and he claims that this payment was in liquidation of money borrowed by him from said bank during that year. It is admitted that appellant borrowed $2500 from the bank during 1919, and gave a note therefor, and also that he paid the sum of $2500 to the bank during that year. The point on which of the notes the payment was made is of importance, for if appellant voluntarily paid one-half of the note given for the stock soon after it was issued to him, his claim that the note of May 17, 1919, was given as an accommodation for the bank, would seem to rest upon a rather weak foundation. The court evidently believed the testimony produced by the bank. Only one note was given on May 17, 1919, and that was for $5,000. On December 8, 1919, appellant gave a note to the bank for $2500; and on December 11, 1919, he gave another note for $2500. The bank claims that one of these notes was given for the money that appellant then borrowed from the bank, and that the other note was made as a renewal of the balance of the indebtedness remaining due on the note of May 17, 1919. Appellant, on the other hand, claims that both of these notes given in December, 1919, are renewals of the note of the earlier date. No satisfactory explanation, however, has been made, why the note of May 17, 1919, for

$5,000, should be renewed by two notes of different dates. The notes of December, 1919, were combined into one note of $5,000 in March, 1920, which in turn was again renewed on December 31, 1920, that being the last renewal-note, and the one involved in this suit.

Considerable correspondence took place between the bank and the appellant during the year 1920, in reference to the notes which the bank then held against appellant. On February 6, 1920, the latter wrote to the bank, stating, among other things, as follows:

"Would it be possible for me to cancel the stock you hold which I have not paid for? I want to hold the other, if possible, as I think it a good investent, in future at least. If you are unable to cancel it, what price can you secure for it for me?"

This letter would seem to indicate that appellant was a bona fide purchaser of the stock hereinbefore referred to and would seem to corroborate the claim of the bank, that appellant paid $2500 on the purchase price thereof. On November 15, 1920, in answer to a letter from the bank, appellant wrote, among other things, as follows:

"You had $5,000 worth of Investors stock, which I owe one-half, and as you had me sign this over to you this spring, stating you wished to use it to borrow some money, it no doubt has some value, if you can borrow upon it. So, as you hold this stock, it seems to me that at this time * * * you are taking no chances. In a way it is not my fault this note has not been paid, as Harry J. Hall advised me not to sell this stock, and I think his advice is a good one, but I told him I wanted to sell it to pay this note of $2500. But he says, "Ray, don't do it."

These and other letters of the appellant, introduced in evidence, indicate that he was willing to pay the notes which he gave to the bank, and he made no claim at that time that they were accommodation notes. Letters of Harry J. Hall, written to appellant, on June 23, 1921, and on February 4, 1922, were introduced in evidence. These letters are said to substantiate the claim of appellant herein. The letters were written after Hall had left the respondent bank, and were admitted in evidence in violation of the rule forbidding hearsay testimony. Aside from that, however, they do not in any way corroborate the claim of appellant, except on the proposition as to whether or not the sum of $2500 was paid by Gentle on the note of May 17, 1919.

We think that there was sufficient evidence in the record to justify the trial court in finding against the appellant, and we are unable to see upon what theory we could reverse that finding. The judgment of the District Court against the appellant must accordingly be affirmed, and it is so ordered.

*Affirmed.*

POTTER, C. J., and KIMBALL, J., concur.